UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Docket No.
TOMASZ GERKA,

                Plaintiff,    **VERIFIED COMPLAINT**

    -against-

THE UNITED STATES OF AMERICA,

                Defendants.
------------------------------------------------------------X

Plaintiff, by the LAW OFFICES OF SCOTT R. HOUSENBOLD, complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

**JURISDICTION**

1. The plaintiff is, and at all relevant times herein, has been a resident of the County of Westchester and State of New York.

2. This accident occurred in the County of Westchester and State of New York.

3. The defendant, THE UNITED STATES OF AMERICA, is amenable to suit under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346 (b), 2671 et seq.

4. On November 20, 2007, in conformity with 28 U.S.C.A. § 2675, the plaintiff presented a written notice of claim to an Office of General Counsel for the United State Postal Service, a department of the defendant, setting forth the plaintiff's claim for damages in the amount of Three Million Dollars ($3,000,000.00).

5. On or about April 2, 2008, the plaintiff, by and through his attorney, received notification by certified mail of the denial of his claim.

6. Jurisdiction over this action is conferred upon this Court by 28 U.S.C.A. § 1346(b). Venue in this Court is proper under 28 U.S.C.A. § 1402(b).

7. This action has and is being commenced in conformance with 28 U.S.C.A. § 2401(b).

### AS AND FOR A FIRST CAUSE OF ACTION

8. That the plaintiff repeats, reiterates and realleges each and every allegation in the within Complaint with the same force and effect as though each were more fully set forth at length herein.

9. Upon information and belief, that at all times hereinafter mentioned, the United States Postal Service was the registered owner of the motor vehicle bearing registration number 0204716, State of New York for the year 2007.

10. Upon information and belief, that at all times hereinafter mentioned, the United States Postal Service was the titled owner of the motor vehicle bearing registration number 0204716, State of New York for the year 2007.

11. Upon information and belief, that at all times hereinafter mentioned, the United States Postal Service maintained the motor vehicle bearing registration number 0204716, State of New York for the year 2007.

12. Upon information and belief, that at all times hereinafter mentioned, the United States Postal Service managed the motor vehicle bearing registration number 0204716, State of New York for the year 2007.

13. Upon information and belief, that at all times hereinafter mentioned, the United States Postal Service controlled the motor vehicle bearing registration number 0204716, State of New York

for the year 2007.

14. Upon information and belief, that at all times hereinafter mentioned, Michael V. Johnson was an employee of the United States Postal Service.

15. Upon information and belief, that at all times hereinafter mentioned, Michael V. Johnson operated the motor vehicle bearing registration number 0204716, State of New York for the year 2007.

16. Upon information and belief, that at all times hereinafter mentioned, the Michael V. Johnson operated the motor vehicle bearing registration number 0204716, State of New York for the year 2007, with the permission and consent, both express and implied, of the United States Postal Service.

17. Upon information and belief, that at all times hereinafter mentioned, the Michael V. Johnson maintained the motor vehicle bearing registration number 0204716, State of New York for the year 2007.

18. Upon information and belief, that at all times hereinafter mentioned, the Michael V. Johnson managed the motor vehicle bearing registration number 0204716, State of New York for the year 2007.

19. Upon information and belief, that at all times hereinafter mentioned, the Michael V. Johnson controlled the motor vehicle bearing registration number 0204716, State of New York for the year 2007.

20. Upon information and belief, that at all times hereinafter mentioned, Quaker Bridge Road East was and still is a public highway, roadway and thoroughfare within the County of

Westchester, City and State of New York.

21. That at all times hereinafter mentioned, the plaintiff, TOMASZ GERKA, lawfully and properly operated a motorcycle bearing registration number 89FS03, State of New York for the year 2007.

22. That on or about June 12, 2007, plaintiff TOMASZ GERKA was operating the aforementioned motorcycle bearing registration number 89FS03, State of New York for the year 2007 at, along or on Quaker Bridge Road East at or near its intersection with Quaker Ridge Road, County of Westchester, City and State of New York.

23. That on or about June 12, 2007, Michael V. Johnson was operating the aforementioned motor vehicle bearing registration number 0204716, State of New York for the year 2007 at, along or on Quaker Bridge Road East at or near its intersection with Quaker Ridge Road, County of Westchester, City and State of New York.

24. That on June 12, 2007, on Quaker Bridge Road East at or near its intersection with Quaker Ridge Road, County of Westchester, City and State of New York, and due solely to the negligence of the defendants, the aforementioned motorcycle operated by the plaintiff TOMASZ GERKA and the aforementioned motor vehicle owned by United States Postal Service and operated by Michael V. Johnson came into contact and collision with one another.

25. The negligence of the defendant consists of: failing to have the motor vehicle under proper control; failing to observe traffic conditions prevailing in the roadway; failing to see what was there to be seen; traveling at an excessive rate of speed under the circumstances; failing to keep the brakes and braking equipment in good working condition and/or failing to seasonably and reasonably

apply the same; failing to give any and/or proper and/or adequate signals or warnings of approach and/or danger; failing to keep proper position on the roadway; thereafter, failing to take the necessary and proper means and precautions to guard against and prevent the occurrence of the accident; failing to use due care and prudence in the circumstances then and there prevailing; failing to take such care and caution so as to have avoided the occurrence and in otherwise operating said motor vehicle in a reckless, careless and negligent manner in violation of the Vehicle & Traffic Law of the State of New York.

26. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

27. That this action falls within one or more of the exceptions set forth in C.P.L.R. §1602.

28. As a result of the negligence of the defendant, the plaintiff, TOMASZ GERKA, has suffered serious, permanent and painful injuries, past, present and future medical expenses, lost income, impairment of earning capacity, loss of enjoyment of life, attorneys' fees and costs, all to his damage in the sum of $2,750,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION

29. That the plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

30. That at all times hereinafter mentioned, it was the duty of the United States Postal Service, its servants, agents and/or employees to supervise and entrust the use of its said motor

vehicle to suitable, competent, qualified, experienced, trained, diligent and adequate persons.

31. That at all times hereinafter mentioned, it was the duty of the United States Postal Service, its servants, agents and/or employees to properly and adequately supervise and ensure that its said motor vehicle was entrusted, for use and operation as a vehicle, to persons, who were fit, suitable, properly trained and instructed.

32. That at all times hereinafter mentioned, it was the duty of the United States Postal Service, its servants, agents and/or employees to properly and adequately supervise and ensure that its said motor vehicle was not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or those unsuitable or unstable or contraindicated to safely operate such vehicle.

33. As a result of the negligence of the defendant, the plaintiff, TOMASZ GERKA, has suffered serious, permanent and painful injuries, past, present and future medical expenses, lost income, impairment of earning capacity, loss of enjoyment of life, attorneys' fees and costs, all to his damage in the sum of $250,000.00.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the First Cause of Action in the amount of $2,750,000.00, and in the Second Cause of Action in the amount of $250,000.00, together with attorney's fees and the costs and disbursements of this action, and that plaintiff demands a trial by jury in this matter.

Dated: New York, New York
      June 11, 2008

                    LAW OFFICES OF SCOTT R. HOUSENBOLD

                    By: _____
                        SCOTT R. HOUSENBOLD
                    Attorney for Plaintiff
                    61 Broadway, Suite 2020
                    New York, NY 10006
                    (212) 354-5048

### ATTORNEY'S VERIFICATION

**SCOTT R. HOUSENBOLD**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at LAW OFFICES OF SCOTT R. HOUSENBOLD, counsel for Plaintiff, TOMASZ GERKA. I have read the annexed.

### COMPLAINT

and know the contents thereof, and the same are true to my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses and other legal contentions herein are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorney for the plaintiff maintain his offices.

DATED: New York, New York
June 11, 2008

_____
SCOTT R. HOUSENBOLD