MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANDREW M. McNEELA
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2741
Facsimile: (212) 637-2750
Email: andrew.mcneela@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMASZ GERKA,

Plaintiff,

- v.-

UNITED STATES OF AMERICA,

Defendant.

08 Civ. 5330 (CLB)

ANSWER

Defendant, United States of America ("Defendant" or "the Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the complaint upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint.

2. Admits the allegations of paragraph 2 of the complaint.

3. The allegations of paragraph 3 of the complaint are conclusions of law and statements of jurisdiction, to which no response is required. To the extent a response is required, denies the allegations of paragraph 3 of the complaint.

4. Denies the allegations of paragraph 4 of the complaint, except admits that on November 20, 2007, plaintiff filed an administrative tort claim with the Government.

5. Denies the allegations of paragraph 5 of the complaint, except avers that by letter dated April 2, 2008, the Government denied plaintiff's administrative tort claim.

6. The allegations of paragraph 6 of the complaint are statements of jurisdiction and venue to which no response is required. To the extent a response is required, denies the allegations of paragraph 6 of the complaint.

7. The allegations of paragraph 7 of the complaint constitute plaintiff's characterization of this action, to which no response is required.

8. The Government repeats and reiterates its responses to paragraphs 1 through 7 of the complaint in response to the allegations of paragraph 8 of the complaint.

9. Denies the allegations of paragraph 9 of the complaint, except admits that in 2007 the United States Postal Service ("USPS") was the owner of a vehicle bearing postal vehicle number 0204716.

10. Denies the allegations of paragraph 10 of the complaint, except admits that in 2007 the USPS was the owner of a vehicle bearing postal vehicle number 0204716.

11. Denies the allegations of paragraph 10 of the complaint, except admits that in 2007 the USPS maintained a vehicle bearing postal vehicle number 0204716.

12. Denies the allegations of paragraph 12 of the complaint, except admits that in 2007 the USPS managed a vehicle bearing postal vehicle number 0204716.

13. Denies the allegations of paragraph 13 of the complaint, except admits that in 2007 the USPS controlled a vehicle bearing postal vehicle number 0204716.

14. Admits that in 2007 Michael V. Johnson was a USPS employee.

15. Denies the allegations of paragraph 15 of the complaint, except admits that Michael V. Johnson operated a USPS vehicle bearing postal vehicle number 0204716 on the date of the accident.

16. Denies the allegations of paragraph 16 of the complaint, except admits that Michael V. Johnson operated a USPS vehicle bearing postal vehicle number 0204716 on the date of the accident with the permission and consent of the USPS.

17. Denies the allegations of paragraph 17 of the complaint.

18. Denies the allegations of paragraph 18 of the complaint.

19. Denies the allegations of paragraph 19 of the complaint, except avers that Michael V. Johnson operated a USPS vehicle bearing postal vehicle number 0204716 on the date of the accident.

20. The allegations of paragraph 20 of the complaint constitute legal conclusions to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint.

21. Denies the allegations of paragraph 21 of the complaint.

22. Denies the allegations of paragraph 22 of the complaint, except admits that plaintiff operated a motorcycle on Quaker Bridge Road at the time of the accident.

23. Denies the allegations of paragraph 23 of the complaint, except admits that Michael V. Johnson operated a USPS vehicle bearing postal vehicle number 0204716 on Quaker Bridge Road at the time of the accident.

24. Denies the allegations of paragraph 24 of the complaint.

25. Denies the allegations of paragraph 25 of the complaint.

26. Denies the allegations of paragraph 26 of the complaint.

27. The allegations of paragraph 27 of the complaint are legal conclusions to which no response is required. To the extent a response is required, denies the allegations of paragraph 27 of the complaint.

28. Denies the allegations of paragraph 28 of the complaint.

29. The Government repeats and realleges its responses to paragraphs 1 through 28 of the complaint in response to paragraph 29 of the complaint.

30. The allegations of paragraph 30 of the complaint are legal conclusions to which no response is required. To the extent a response is required, denies the allegation of paragraph 30 of the complaint.

31. The allegations of paragraph 31 of the complaint are legal conclusions to which no response is required. To the extent a response is required, denies the allegation of paragraph 31 of the complaint.

32. The allegations of paragraph 32 of the complaint are legal conclusions to which no response is required. To the extent a response is required, denies the allegation of paragraph 32 of the complaint.

33. Denies the allegations of paragraph 33 of the complaint.

34. The allegations in the unnumbered paragraph beginning “Wherefore” are prayers for relief to which no response is required. To the extent a response is required, denies the allegations.

DEFENSES

FIRST DEFENSE

Neither the United States nor any of its agents or employees were negligent in any manner nor violated any duty of care.

SECOND DEFENSE

Defendant was not the cause in fact or the proximate cause of any injury sustained by plaintiff.

THIRD DEFENSE

______The damages suffered by plaintiff, if any, were due in whole or in part to his negligence and any damages recoverable by him must be extinguished or diminished in proportion to the culpable conduct attributable to plaintiff.

FOURTH DEFENSE

Plaintiff's negligent supervision claim is barred under Federal Tort Claims Act pursuant to the discretionary function exception.

FIFTH DEFENSE

Plaintiff violated provisions of applicable law including, but not limited to, New York Vehicle and Traffic Law §§ 509(2), 1120(a), and 1180(a).

SIXTH DEFENSE

Plaintiff's recovery in this action, if any, is limited to the amount of the claim that plaintiff presented administratively pursuant to 28 U.S.C. § 2675.

SEVENTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to N.Y. Civil Practice Law §

4545(c), and any other applicable New York State law, by those amounts which have been, or will be, with reasonable certainty, reimbursed or indemnified, in whole or in part, from any collateral source.

EIGHTH DEFENSE

Plaintiff has no right of recovery under New York Insurance Law § 5101, et seq., because he has not sustained economic loss greater than basic economic loss, and he has not sustained a serious injury.

NINTH DEFENSE

Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act. See 28 U.S.C. §§ 1346, 2402.

TENTH DEFENSE

Defendant is not liable for interest prior to judgment or for punitive or special damages pursuant to 28 U.S.C. § 2674.

ELEVENTH DEFENSE

Plaintiff may not recover costs or attorneys' fees in excess of those permitted by 28 U.S.C. §§ 2412 and 2678.

WHEREFORE, the Government, prays that judgment be entered dismissing the complaint, and granting such further relief as this Court deems just, including costs and disbursements.

Dated: New York, New York
August 12, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant the United States
of America

By: /s/ Andrew M. McNeela
ANDREW M. McNEELA
Assistant United States Attorney
Telephone: (212) 637-2741
Fax: (212) 637-2786